GRIMES, Chief Justice.
Pursuant to rule 2.130, Florida Rules of Judicial Administration, the Court, sua sponte, finds that an emergency exists in the present court reporting system in Florida and, therefore, adopts, effective immediately, the attached amendments to rule 2.070 of the Florida Rules of Judicial Administration.
These amendments to rule 2.070 have been adopted to ensure that court reporting services are provided in an efficient and cost effective maimer consistent with the requirements of state and federal law. The accurate recording of trial proceedings is essential to the judicial process. When the record is prepared at public expense, the Court also has a responsibility to ensure that reporting services are rendered efficiently and economically. These amendments essentially require development of a system or plan for the delivery of court reporting services for those proceedings required to be reported at public expense which will clearly establish the status of personnel involved as either employees or independent contractors.
These amendments have been deemed necessary in part because of a recent ruling of the Florida Commission on Ethics that business practices of certain official court reporters violate part III of chapter 112, Florida Statutes, the Code of Ethics for Public Officers and Employees. Specifically, the commission determined that an official court reporter who owns a court reporting business may neither sell the services of that business’s employees to the circuit court, nor purchase such services from that business in an official capacity as the Chief Official Court Reporter of the Circuit Court. The commission has also suggested that official court reporters should not receive the benefit of publicly funded facilities and services in the operation of their private enterprises.
Although the Code of Ethics articulates the public’s interest in ensuring that public officials fulfill their official responsibilities in a manner that avoids conflicts of interest and misuse of public resources, the traditional approach to providing court reporting services as authorized under chapter 29, Florida Statutes, has occasionally blurred the distinction between public employees and private service providers. These rule changes, which require clarification of the employment relationship between the courts and their court reporters, will facilitate compliance with the public policy reflected in our ethics laws.
In addition, recent opinions of the United States Department of Labor have also given rise to a concern that in some circuits in Florida, court reporting practices may require changes to ensure compliance with federal law. After reviewing the use of court reporters in several other states, the Department of Labor has determined that, under certain circumstances, official court reporters may be de facto employees who are subject to the Fair Labor Standards Act. If the state of Florida and its individual counties are to avoid similar problems in the provision of court reporting services, court reporters who would be deemed to be court employees must work in compliance with the Act, or their status as independent contractors must be assured. These amendments require that each chief judge develop a circuit plan which provides for court reporting services in ways consistent with the Fair Labor Standards Act, as well as other state and federal laws.
The Court believes that when individual circuits are given the latitude to develop a range of court reporting services that meet local needs, productivity and efficiency can be improved. The chief judges in each judicial circuit are in the best position to identify the needs of the court in their individual counties; to analyze the financial, technological, and personnel resources available; and to design a system for service delivery that addresses all these factors. While this Court does not intend to dictate that any particular plan be used, it is imperative that a plan be developed after consideration of the guidelines issued by the State Courts Administrator’s Office. The chief judges of each circuit shall implement their plans by July 1, 1995, and file copies thereof with this Court.
Because the Court is aware that the resolution of some of the aforementioned legal issues could conceivably come before it in the future, we hasten to observe that nothing expressed or implied in this opinion should *40 be construed as a legal determination of any state or federal issue. Any person may file comments concerning this amendment to the rule within thirty days of this opinion.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
RULE 2.070 COURT REPORTING
(a) Court Reporting Services.
(1) The chief judge, after consultation with the circuit court and county court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for the court reporting of all proceedings required to be reported at public expense using either full or part time court employees or independent contractors. The plan shall ensure that all court reporting services are provided by qualified persons. This plan may provide for multiple service delivery strategies if they are necessary to ensure the efficient provision of court reporting services.
(2) Each circuit’s plan for court reporting services shall be developed after consideration of guidelines issued by the Office of the State Courts Administrator.
(a)(b) When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported. Any proceeding shall be reported on the request of any party. The party so requesting shall pay the reporting fees, but this requirement shall not preclude the taxation of costs as authorized by law. Grand jury proceedings, upon order of the chief judge of the circuit, shall be reported; however, no transcription may be made unless required by an order of a court of competent jurisdiction.
(b)(c) Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement. When a deposition is being reported, no part of the proceedings shall be omitted unless all of the parties and the witness so agree. When a party or a witness seeks to terminate or suspend the taking of a deposition for the time necessary to seek a court order, the court reporter shall discontinue reporting the testimony of the witness.
(e)(d) Electronic Reporting.
(1) A chief judge who deems it appropriate or necessary may by administrative order authorize include provisions in the plan authorizing the use of electronic reporting for any judicial proceedings, including depositions, required to be reported. Appropriate procedures shall be prescribed in the order which shall:
(A) set forth responsibilities for the court’s support personnel to ensure a reliable record of the proceedings;
(B) provide a means to have the recording transcribed, either in whole or in part, when necessary for an appeal or for further use in the trial court; and
(C) provide for the safekeeping of such recordings. The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded.
(2) The presiding judge in a specific case, however, may require a stenographic reporter, if available, or either party may request or provide and pay for the cost of a qualified stenographic reporter. The presiding judge shall determine the qualifications of a stenographic reporter who is not ■ an -official or deputy court reporter. — When accepted by the court-such Such court reporter shall be subject to the orders of the court and directions to transcribe the record from all parties.
(d)(e) Videotaped and Non-stenographic Depositions. The judges of the circuit by majority vote may adopt an administrative order governing the use of videotaped depositions and authorizing that the testimony at a deposition be recorded by other than stenographic means for use in any court proceedings. The order shall designate the manner of recording, preserving, and filing of depositions, and may include other provisions to ensure that the recorded testimony will be accurate and trustworthy. The order shall, subject to the provisions of rule 1.280(c) of *41 the Florida Rules of Civil Procedure, be automatically applicable upon the giving of notice of taking any videotaped or non-stenographic deposition, but may be modified by the presiding judge upon the application of any party. The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded.
(eXf) Fees. The circuit and county court judges of a judicial circuit by-majority vote may set-the maximum fees for-court proceedings and-depositions to be charged by cour-t reporters-by administrative order. — The-order shah.- be uniform in and-for all courts throughout the territorial-jurisdiction of the judicial circuit-and shall be recorded. In the absence of an-order, the fees for court proceedings and-depositions to be charged by court reporters shall be as provided by law.
The chief judge shall have the discretion to adopt an administrative order establishing maximum fees for court reporting services not covered in the plan adopted pursuant to subdivision (a). Any such order must make a specific factual finding that the setting of such maximum fees is necessary to ensure access to the courts. Such finding shall include consideration of the number of court reporters in the county or circuit, any past history of fee schedules, and any other relevant factors.
(f)(g) Transcripts. Transcripts of all judicial proceedings, including depositions, shall be uniform in and for all courts throughout the state. The form size, spacing, and method of typing transcripts are as follows:
(1) All proceedings shall be typed or printed on paper 8½ inches by 11 inches in size, prepared for binding at the top or on the left margin.
(2) All margins, measured from the edge of the paper, shall be no more than 1 inch from the top, no more than 1⅛ inches at the left side and ⅜ inch at the right side for type or print of 9 characters to the inch, and no more than 1% inches at the left side and ½ inch at the right side for type or print of 10 characters to the inch.
(3) There shall be no fewer than 25 typed or printed lines per page and all typing or printing shall be double spaced, with all lines numbered 1 through 25, respectively, and with no more than a double space between paragraphs.
(4) Type size or print shall be pica or comparable type or print of no fewer than 9 or 10 characters to the inch.
(5) Colloquy material shall begin on the same line following the identification of the speaker, with no more than 2 spaces between the identification of the speaker and the commencement of the colloquy. The identification of the speaker in colloquy shall begin no more than 10 spaces from the left margin, and carry-over colloquy shall be indented no more than 5 spaces from the left margin.
(6) Each question and answer shall begin on a separate line no more than 5 spaces from the left margin with no more than 5 spaces from the “Q” or “A” to the text. Carry-over question and answer lines shall be brought to the left margin.
(7) Quoted material shall begin no more than 10 spaces from the left margin with carry-over lines beginning no more than 10 spaces from the left margin..
(8) Indentations of no more than 10 spaces may be used for paragraphs, and all spaces on a line as herein provided shall be used unless the testimony of the speaker ends short of marginal requirements.
(9) One-line parentheticals may begin at any indentation. Parentheticals exceeding 1 line shall begin no more than 10 spaces from the left margin, with carry-over lines being returned to the left margin.
(10) Individual volumes of a transcript, including depositions, shall be no more than 200 pages in length, inclusive of the index.
(11) Deviation from these standards shall not constitute grounds for limiting use of transcripts in the trial or appellate courts.
(g) Compensation. Each-official court reporter shall on a monthly basis certify to the chief judge of-the circuit to which the reporter is appointed the number-of hours’ service of the reporter and the reporter’s approved deputies in--criminal and juvenile proceedings, excluding depositions, in circuit and county courts. — Upon approval by-the chief *42 judge, such-certification-shall be submitted by the chief-judge-or the chief-judge’s-desig-nee to the state-courts administrator no-later than the 10th day of the following -month.
(1) Each — official—circuit—court reporter shall serve a maximum of 60 hours per month for -which-compensation by the-State of Florida-will-be as provided by law.
(2-)~ Minimum-credit toward this 60 hours of-2-½ hours each day shall be given for first appearance — in-any court before the-lunch recess and — a minimum-credit of 2½ hours shall be given for first appearance after that recess. An hour-for-hour credit will be-given for actual -time spent ⅛ court exceeding 5 hours per day. The minimum credit formula shall apply on a daily basis throughout the entire reporting month, regardless of whether or not the total hours accumulated exceed 6&
(3) Any -number of heur-s accumulated in addition to 60 by the formula set forth-above shall be compensated at-the-rate of $10 per hour.
(4) Each-official- circuit-court reporter may accumulate credit for the services of any of the-reportei-s-officially approved deputies- in the same manner as if the reporter — had performed these services-personally.
(-5) Each — official—circuit—eourt reporter shall make -the-reporter’s-certification to the chief judge-o-f-the circuit on forms provided by the state — courts—administrator.—The ■forms shall be uniform in-and for all judicial circuits throughout-the state=
(h) Reporter as Officer of Court. A court reporter, whether an official court reporter or not, is an officer of the court for all purposes while acting as a reporter in a judicial proceeding or discovery proceeding. The court reporter shall comply with all rules and statutes governing the proceeding that are applicable to court reporters.